**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ARNETTE Y., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. 4:23-CV-1418-JSD |
| ) | |
| FRANK J. BISIGNANO, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying the application of Arnette Y. ("Plaintiff") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons stated herein, the Court affirms the Social Security Administration's denial of Plaintiff's claim for DIB and SSI.

**I.     Background**

On August 21, 2021, Plaintiff filed an application for DIB and SSI benefits, alleging disability beginning on June 26, 2021. (Tr. 10, 193-208) Plaintiff's claim was initially denied on December 15, 2021 (Tr. 62-75) and denied reconsideration on July 1, 2022. (Tr. 76-92) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 27, 2022. (Tr. 19; 39-61) The ALJ issued an unfavorable decision, dated December 19, 2022. (Tr. 7-33, 39-61)

---

[1] Frank J. Bisignano is now the Commissioner of Social Security. He is automatically substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d).

In the opinion, the ALJ found that Plaintiff had not performed substantial gainful activity since June 26, 2021, her alleged onset date. (Tr. 13) The ALJ found that Plaintiff's severe impairments were diabetes mellitus with peripheral neuropathy; degenerative disc disease; and degenerative joint disease of the left shoulder (20 CFR 404.1520(c) and 416.920(c)). (Tr. 13) The ALJ, however, found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18) The ALJ found Plaintiff had the Residual Functional Capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift/carry twenty pounds occasionally and ten pounds frequently; stand and/or walk about six hours and sit about six hours in an eight hour workday; she must avoid ladders, ropes or scaffolds, but can occasionally climb ramps and stairs; she can frequently, but not constantly, reach overhead with the left upper extremity; she must avoid hazards such as unprotected heights and dangerous moving machinery; and she must avoid walking or standing on uneven terrain. (Tr. 19) The ALJ found that Plaintiff can perform past relevant work as a customer service representative. (Tr. 26)

The Appeals Council denied Plaintiff's Request for Review of Hearing Decision/Order. (Tr. 1-6) *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Plaintiff filed this appeal on November 7, 2023. (ECF No. 1)  On February 20, 2024, Plaintiff filed a Brief in Support of Plaintiff's Complaint. (ECF No. 12) The Commissioner filed a Brief in Support of the Commissioner's Decision on March 14, 2024. (ECF No. 13)  Plaintiff filed a Social Security Reply Brief on March 28, 2024. (ECF No. 14)

As to Plaintiff's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.

**II.     Legal Standard**

2

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the

3

claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

### III. Discussion

#### A. Mental Limitations

The ALJ found she could perform her past relevant work as a customer service representative.

Plaintiff claims that the ALJ failed to properly evaluate Plaintiff's mental limitations, finding them nonsevere and adopting an RFC that did not include any mental limitations. (ECF No. 12 at 1) Plaintiff states that the ALJ found she suffered from the medically determinable impairment of major depressive disorder. (Tr. 14) Plaintiff, however, asserts that the ALJ erred in finding that her depression was nonsevere because "the record overwhelmingly reflects [Plaintiff's] depression was severe, and the ALJ failed to identify reasons supported by substantial evidence for rejecting the severity of … her mental impairment." (ECF No. 12 at 3)

On July 15, 2022, Plaintiff's primary care provider, Stephanie Summers, NP, noted that Plaintiff suffered from "chronic pain that has led to depression." (Tr. 1334) Plaintiff reported back pain, decreased concentration, suicidal ideation, insomnia, and nervousness. (Tr. 1335) NP Summers found Plaintiff was depressed with a flat affect. (Tr. 1335) Plaintiff scored a 26 on the Patient Health Questionnaire 9 ("PHQ-9"), corresponding with "severe" depression, the highest category identified by the PHQ-9. (Tr. 1336) NP Summers diagnosed Young with "[s]evere episode of recurrent depressive disorder, without psychotic features." (Tr. 1336) NP Young prescribed Prozac and referred Plaintiff to therapy. (Tr. at 1336)

4

At a follow up appointment with Gena Napier, M.D., on July 21, 2022, Plaintiff stated she had started the SSRI which made her "tired a bit." (Tr. 1336) Dr. Napier noted that Plaintiff's mood was "depressed", her affect was "flat", her speech was delayed, and her behavior was slowed and withdrawn. (Tr. 1331) Plaintiff claims that her treatment history demonstrates that her depression "interfered with her ability to function on a daily basis and was unresponsive to psychotropic medication." (ECF No. 12 at 5) Thus, Plaintiff claims that the treatment she received indicated she "suffered from a 'severe' degree of depression." (ECF No. 14 at 3)

Plaintiff also references her psychological evaluation performed by Kezia Jackson, Psy.D., an independent consultative examiner. (Tr. 643-45). Dr. Jackson noted that Plaintiff spoke quietly throughout the evaluation and described Plaintiff's eye contact as "minimal." (Tr. 644) Dr. Jackson further discussed the interrelatedness between Plaintiff's depression and her physical impairments and her feelings of hopelessness considering her physical pain. (Tr. 644) Dr. Jackson found Plaintiff had a "moderate impairment" in her ability to interact with others (Tr. 645) and "mild to moderate" impairment in her ability to concentrate, persist, and maintain (Tr. 645). Dr. Jackson found Plaintiff's "ability to persist and maintain, when in pain, [was] significantly impaired." (Tr. 645) Dr. Jackson, however, noted that Plaintiff "reported a lack of desire to engage in therapeutic interventions, which is advised." *Id*.

Plaintiff argues that "the link between [Plaintiff's] mental and physical limitations was not a logical basis for rejecting [her] resulting mental limitations as '[non]severe,' or for failing to account for such limits when constructing the RFC." (ECF No. 12 at 7) Instead, Plaintiff argues that "the relationship between [Plaintiff's] physical symptoms and her mental health were typical of those suffering from her conditions." *Id*.  Thus, Plaintiff claims that the ALJ's attempt

5

to dismiss her depression based upon her physical pain does not support a conclusion that her depression was "nonsevere". *Id.*

Further, Plaintiff asserts that the ALJ's minimization of Plaintiff's depression because of her "very minimal" treatment was improper. (ECF No. 12 at 8) Plaintiff maintains that she is not required to seek emergency treatment to demonstrate that her symptoms were severe. *Id*. (citing *Ford v. Colvin*, No. 4:15CV00614 PSH, 2016 WL 5843222, at *2 (E.D. Ark. Oct. 5, 2016) ("[e]mergency treatment is not a prerequisite to establishing a severe impairment…."). Indeed, Plaintiff asserts that she demonstrated that her depression caused more than a "slight abnormality" in functioning. *Id.* (citing B*owen v. Yuckert*, 482 U.S. 137, 154 (1987) (The Supreme Court of the United States has held that the standard of proof for a "severe medical impairment" is only a "de minimis" standard, with a very low threshold.)). In sum, Plaintiff claims that the ALJ improperly failed to apply the de minis standard at Step Two in determining that her depression was nonsevere and, therefore, the opinion was not supported by substantial evidence. (ECF No. 14 at 1)

Second, Plaintiff claims that the ALJ's conclusion that her depression was nonsevere did not address whether Plaintiff could return to her past skilled work as a customer service representative. (ECF No. 12 at 9; *see also* ECF No. 14 at 3 ("The ALJ erred because after finding [Plaintiff's] depression 'nonsevere' at step two, the ALJ did not meaningfully address how Young's depression would interact with her skilled past work.") Plaintiff notes that, "[a]lthough the ALJ found [Plaintiff's] 'mild' mental limits would not more than minimally interfere with 'basic work activities,' it is unclear from the face of the ALJ's decision whether such restrictions would interfere with the performance of work as a customer service representative." (ECF No. 12 at 9) Further, Plaintiff notes although the ALJ considered the physical impacts of Plaintiff's

6

physical impairments (namely, diabetes mellitus with peripheral neuropathy, degenerative disc disease, and degenerative joint disease), the ALJ failed to explain how these impairments impacted Plaintiff's mental functioning. (ECF No. 12 at 9-10)

Plaintiff argues that the ALJ discussed her depression only to determine if it was a severe impairment but failed to discuss her depression with respect to determining the RFC. (ECF No. 12 at 10) Plaintiff acknowledged that the ALJ discussed that Plaintiff reported her impairments made it "difficult to think clearly …" (Tr. at 20) and that Plaintiff told her primary care provider that she had "lower back pain, as well as depression which she attributed to her chronic pain." (Tr. 23) Plaintiff, however, complains that the ALJ did not address her depression other than finding it "nonsevere." (ECF No. 12 at 10-11 (citing *Lilly v. Kijakazi*, No. 4:22-CV-1331 SRW, 2023 WL 5951822, at *8 (E.D. Mo. Sept. 13, 2023) (remanding where the ALJ did not include a discussion within the decision of whether Plaintiff's ability to do "basic work" would also allow her to perform the "skilled work" of her past jobs, including tasks that are more than simple or routine and require more than occasional interactions with others). Plaintiff claims that remand is necessary for the ALJ to evaluate all of Plaintiff's impairments, including those that were nonsevere. (ECF No. 12 at 12 (SSR 98-6p)). In particular, Plaintiff asserts that the ALJ could not summarily conclude that Plaintiff could perform her past skilled work, which required high mental demands. (ECF No. 12 at 12) Plaintiff argues that the Court must remand this action so that the ALJ can "address the high mental demands of [Plaintiff's] past relevant work, rather than relying upon [her] ability to perform 'basic work activities' as a basis for performing this work." (ECF No. 12 at 12 (citing *Lilly*, 2023 WL 5951822, at 6-8)); see also ECF No. 14 at 4 ("Remand is required because after finding [Plaintiff's] depression nonsevere at step two, the ALJ failed directly [to] explain, much less support with substantial evidence, his determination that

7

[Plaintiff] could return to her skilled pas relevant work[.]")). Plaintiff argues that "[a]ny reasons offered by the ALJ in support of his step two analysis cannot be simply transferred, on a post hoc basis, in support of the step four determination." (ECF No. 14 at 6)

"The key issue is whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006) (citing *Sultan v. Barnhart,* 368 F.3d 857, 862 (8th Cir. 2004)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012) (citing *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007)). In determining whether evidence is substantial, this Court considers "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Travis*, 477 F.3d at 1040 (citing *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000)). "If substantial evidence supports the Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." *Id.*

The ALJ noted that "[o]verall, this evidence shows very minimal treatment, mostly very recent, for depressive symptoms, which the claimant primarily attributed to the impact of pain, rather than her mental health." (Tr. 15) The ALJ attributed Plaintiff's lack of desire for treatment as evidence that "her symptoms were relatively mild in nature." (Tr. 15-16) The ALJ found that "[b]ecause the claimant's medically determinable mental impairment causes no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it is nonsevere (20 CFR 404.1520a(d)(1) and 416.920a(d)(1))." (Tr. 17)

The ALJ considered Plaintiff's psychological consultative examination with Kezia Jackson, Psy.D., in June 2022. (Tr. 15, 643-45) At the examination, Plaintiff attributed her variations in mood to her chronic pain. (Tr. 644) She indicated that she had some suicidal ideation related to pain but denied any suicidal ideation at the time of the examination. (*Id*.) Plaintiff stated she coped with her depression by watching funny videos, talking to friends and relatives, or listening to music; she did not take medication or see a therapist for her depression. (Tr. 15-16, 644) The ALJ thus found that Plaintiff's depression symptoms were relatively mild. (Tr. 16)

Dr. Jackson's examination further supported a finding that Plaintiff's depression was nonsevere. Dr. Jackson reported that Plaintiff was cooperative and friendly but had minimal eye contact. (Tr 15, 644) In addition, Plaintiff reported her mood was "really good' and she appeared euthymic. *Id*. Plaintiff's speech was soft, but otherwise normal. *Id*. Her intellectual functioning memory, attention, concentration, insight, and judgment were within normal limits, and she denied any psychotic symptoms. *Id*. Plaintiff was alert and orientated person, place, and time, and her thought content and processing seemed normal. (Tr. 644-45) All these factors supporting a finding that Plaintiff's depression was nonsevere.

Indeed, Plaintiff began treatment for her depression in July 2022, only three months before the administrative hearing. (Tr. 15, 1334) Plaintiff had no psychiatric hospitalizations or emergency room visits. (Tr. 18; *see also* ECF No. 14 at 2 ("It is true, [Plaintiff] did not receive extensive mental health treatment.")) Additionally, Plaintiff worked part-time during much of the relevant period, drove a vehicle, shopped in stores, lived alone, and made her own decisions, evidencing her cognitive capabilities. (ECF No. 13 at 10-11 (citing Tr. 18)) Thus, the ALJ found that Dr. Jackson's opinion that Plaintiff had moderate limitations in functioning was not very

9

persuasive because it contradicted the factual evidence in the record and was primarily based up on self-reports. (Tr. 17-18) Based upon the foregoing, the Court finds that the ALJ correctly determined that Plaintiff did not meet her burden of establishing that her major depressive disorder was severe. The ALJ properly found that Plaintiff had only mild to no limitations in the "Paragraph B" criteria. Accordingly, the Court will not reweigh the evidence.

Likewise, the Court also finds that substantial evidence supports the ALJ's finding that Plaintiff could perform her past relevant work as a customer service representative, a skilled job. (Tr. 19, 26) As previously discussed, the record does not contain any evidence of limitations that would require mental RFC limitations or preclude Plaintiff from performing her past employment as a customer service representative. For example, courts have held that "an ALJ may omit alleged impairments from a hypothetical question posed to a vocational expert when '[t]here is no medical evidence that these conditions impose any restrictions on [the claimant's] functional capabilities' " or "when the record does not support the claimant's contention that his impairments 'significantly restricted his ability to perform gainful employment.'" *Owen v. Astrue,* 551 F.3d 792, 801–02 (8th Cir.2008) (quoting *Haynes v. Shalala,* 26 F.3d 812, 815 (8th Cir.1994); *Eurom v. Chater,* 56 F.3d 68 (8th Cir.1995) (per curiam) (unpublished table opinion)). On at least one occasion, the Eighth Circuit has held that the ALJ did not err by excluding the claimant's mental limitations from the hypothetical questions to the VE, when substantial evidence supported the ALJ's determination that the claimant's mental limitations were "nonsevere." *Jackson v. Apfel,* 162 F.3d 533, 538 (8th Cir.1998); *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011); *see also Hilkemeyer v. Barnhart*, 380 F.3d 441, 447 (8th Cir. 2004) ("The ALJ's decision not to incorporate this mild pulmonary dysfunction in the RFC, as well as in the hypothetical posed to the VE, was not error because the record does not suggest there were

any limitations caused by this nonsevere impairment.") The Court further finds Plaintiff's reliance upon *Lilly v. Kijakazi*, 2023 WL 5951822 (E.D. Mo. Sept. 13, 2023) to be misplaced. In *Lilly*, the ALJ determined that Plaintiff's mental health symptoms were non-severe, but the court found "that the substantial evidence in the record as a whole [did] not sustain this conclusion." *Id*. at *6. The *Lilly* court remanded the action to the Commissioner "to more fully evaluate and supplement as necessary the medical and nonmedical evidence of record relating to the severity of Plaintiff's mental health impairments and her RFC." *Id*., at *7.

Conversely to *Lilly*, this Court agrees with the ALJ's determination that Plaintiff's depression was nonsevere based upon her minimal treatment and supporting factual evidence. Thus, having found that Plaintiff's mental health problems were not severe at step two, then the Court concurs that the ALJ was not required to include mental RFC limitations and did not err in failing to explicitly mention Plaintiff's depression in the hypothetical to the VE. (Tr. 57-60) While the ALJ did not entirely discount the credibility of Plaintiff's claims of depression, the ALJ "reasonably concluded with substantial evidence that these impairments were 'not severe.'" *Buckner*, 646 F.3d at 561. This is consistent with this Circuit's precedent. *See Jackson,* 162 F.3d at 538. The Court affirms the decision of the ALJ's decision as it was consistent with the evidence as a whole.

### IV.        Conclusion

Based on the foregoing, the Court finds that the ALJ's decision was based on substantial evidence in the record as a whole and should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **AFFIRMED**.  A separate Judgment will accompany this Order.

11

**IT IS FURTHER ORDERED** that the Clerk shall reflect on the docket that Frank J. Bisignano, Commissioner of Social Security, is the proper defendant pursuant to Fed. R. Civ. P. 25(d).

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2025.